**Gayle A. WOODALL, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. 57535.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 29, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 15, 1990.

Application to Transfer Denied
Oct. 16, 1990.

William L. Webster, Atty. Gen., Van M. Pounds and Jatha B. Sadowski, Sp. Asst. Attys. Gen., Jefferson City, for appellant.

Richard K. Zerr, Ronald R. Fralicx, St. Charles, for respondent.

CRIST, Judge.

Director appeals from an order of the circuit court reinstating respondent's (driver) driving privileges. We affirm.

On December 20, 1988, driver was arrested for driving while intoxicated in St. Charles County. A breath analysis test indicated she had a blood alcohol content of .188 percent by weight. Director suspended her driving privileges pursuant to §§ 302.500–.540, RSMo 1986. This suspension was sustained following an administrative hearing. Driver then petitioned for a trial de novo. The trial judge found, and the parties admitted, the person who administered the test had not performed the maintenance check on the breath analyzer for more than thirty-five days contrary to 19 CSR 20–30.031(3).

In order for the results of a breathalyzer analysis to be admissible in evidence, the analysis must have been performed in accordance with §§ 577.020 to 577.041, RSMo 1986, and in accordance with methods and standards approved by the State Division of Health. § 577.037(4). The legislature requires that in order for a chemical analysis of a person's breath to be considered valid, the analysis must have been performed according to the "methods" approved by the State Division of Health. § 577.020(3). The legislature has directed the State Division of Health to "... approve satisfactory techniques, devices, equipment or methods to be considered valid under the provisions of §§ 577.020 to 577.041." § 577.020(4). The division of health did so by adopting administrative Rule 19 CSR 20–30.031(3).

Administrative Rule 19 CSR 20–30.-31(3) is, in part, as follows:

A type II permittee shall perform maintenance checks on breath analyzers under his/her supervision at intervals not to exceed thirty-five (35) days....

Rules of a state administrative agency which have been duly promulgated pursuant to proper delegated authority have the force and effect of law. *Page Western, Inc. v. Community Fire Protection District of St. Louis County,* 636 S.W.2d 65, 68[4] (Mo.banc 1982).

Director asserts the failure to conduct a maintenance check on the testing instrument within thirty-five days was not fatal to director's case in that there was no evidence that the instrument malfunctioned. Director further asserts the administrative rule is permissive rather than mandatory. We disagree.

The issue is without precedent; however, the rule in no uncertain terms states the type II permittee shall conduct a maintenance check on the testing instrument. The reason for the rule is to protect the general public. The need to get the drunks off of the highway is not superior to an individual's right to be tested by an instrument that has had a maintenance check within a thirty-five-day period.

The situation at issue is akin to the situation where proof of an excessive blood alcohol concentration is proffered in the form of a blood test. In order for a chemical blood test to be admissible in evidence under the implied consent law, a non-alcoholic anti-septic cleanser must be used and the blood must be withdrawn with a previously unused and sterile needle. §§ 577.026 and .029. In order for this chemical blood test to be admissible, courts have held the blood must be withdrawn with a sterile needle. *State v. Setter*, 763 S.W.2d 228, 231 [1, 2] (Mo.App.1988). Of like import, it has been held that where a nurse uses isoporyphyl alcohol to cleanse the skin prior to venapuncture, the subsequent blood test was inadmissible. *State v. Hanners*, 774 S.W.2d 568, 568–569 (Mo.App.1989).

Adherence to 19 CSR 20–30.031(3) by director was mandatory. The purpose of this law is to help insure that the BAC verifier used to administer the chemical analysis of driver's breath was functioning properly at the time the test was administered.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.