**Cynthia Bartlett TURCOTTE, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. 60142.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 3, 1992.

Van M. Pounds, James Artelle Chenault II, Jefferson City, for appellant.

Joseph Wesley Larrew, St. Louis, Mary P. McInnis, Clayton, for respondent.

GARY M. GAERTNER, Judge.

Appellant, the Director of Revenue of the State of Missouri, appeals entry of an order by the Circuit Court of St. Charles County reinstating respondent's driving privileges. We reverse.

Respondent, Cynthia Bartlett Turcotte, was arrested on August 3, 1990, in St. Charles County, for driving while intoxicated (DWI). Respondent displayed several symptoms of intoxication, including poor balance and slurred speech. She admitted to having "a few beers," and failed three field sobriety tests administered by the officer.[1] Respondent was then placed under arrest and transported to a nearby blood alcohol content (B.A.C.) verifier.

The trooper who arrested respondent administered the breathalyzer test and did so according to the rules and regulations of the Department of Health. Respondent's B.A.C. was measured at 0.165 percent by weight. Since respondent's B.A.C. exceeded 0.13 percent, appellant suspended her driving privilege under authority of RSMo §§ 302.500–302.540 (1986).

Respondent filed a timely application for an administrative hearing, which was held on October 22, 1990. At that hearing, appellant's suspension of respondent's license was sustained. Respondent filed her petition for trial de novo in the Circuit Court of St. Charles County on November 14, 1990, and the cause went to trial on March 19, 1991. At trial, respondent objected to the introduction of the results of her breathalyzer test, claiming that appellant had failed to follow the mandatory procedures of the Department of Health.

The trial court sustained the objection and found in favor of respondent, granting her petition and ordering her driving privileges reinstated. The Director appeals.

Appellant argues on appeal that the trial court erred in setting aside appellant's suspension of respondent's driver's license. We agree.

Respondent relies on *Woodall v. Director of Revenue*, 795 S.W.2d 419 (Mo. App., E.D.1990) to support her position that the mandatory regulations of the Department of Health were not properly followed. In *Woodall*, the defendant had been arrested for DWI. She consented to and subsequently took a breathalyzer test, which indicated she had a B.A.C. of 0.188 percent by weight. At trial, the defendant contend-

---

1. The three field sobriety tests administered to respondent by the arresting officer were (1) gaze nystagmus, (2) one-legged stand, and (3) walk and turn.

ed the results of the breathalyzer test were inadmissible because appellant had not complied with the regulations of the Department of Health concerning maintenance checks on the machine the defendant used. 19 CSR 20–30.031(3), in part, mandates checks on breath analyzers every thirty-five days. The defendant's test was administered on a machine which had not been checked for more than thirty-five days. The trial court held, and this court affirmed, that the regulations regarding maintenance checks promulgated by the Department of Health are mandatory, and therefore, the results of the breathalyzer test were not admissible.

The instant case presents a similar, yet vitally different, question. In the case before us, appellant had merely failed to file the maintenance reports with the Department of Health within the required fifteen days. 19 CSR 20–30.031(3). However, it is undisputed that the breathalyzer had been tested in accord with 19 CSR 20–30.031(3) and was working properly at the time of respondent's test.

 Respondent cannot claim she was prejudiced by admission of the records. Respondent's only interest is that the breathalyzer not be inaccurate. To protect respondent's interest, the legislature has directed, and this court has ruled, that a breath analysis test must be performed

 (1) by following the approved techniques and methods of the Division of Health;

 (2) by an operator holding a valid permit;

 (3) on equipment and devices approved by the division.

*Stuhr v. Director of Revenue*, 766 S.W.2d 446, 449 (Mo. banc 1989). Requirement (3), this court has held, is mandatory as far as ensuring test accuracy by timely maintenance checks. 19 CSR 20–30.031(3); *Woodall*, 795 S.W.2d at 420. However, respondent has no interest in the maintenance reports being properly filed. Similarly, failure to file timely maintenance reports does not impeach the machine's accuracy, which is the main concern here.

This court, in *Bradford v. Director of Revenue*, 735 S.W.2d 208 (Mo.App., E.D. 1987), faced a similar situation. In that case, a test was properly administered, but the machine printed out an incorrect date with the test result. This court held:

> The fact that someone forgot to reset the date is irrelevant to whether the machine functioned properly.

*Id.* at 210. The instant issue is similarly irrelevant. The legislative intent behind this regulation is to allow the Department of Health to verify compliance with its regulation, not to accord procedural protection to drunk drivers. Thus, respondent's argument must fail.

Turning to the language of 19 CSR 20–30.031(3), we again find appellant has the better interpretation of the law. In *Kersting v. Director of Revenue*, 792 S.W.2d 651 (Mo.App., E.D.1990), this court faced a time directive similar to the one at bar. We held:

> While the use of the word "shall" in a statute will generally be interpreted as mandatory ... such is not always the case. In determining whether a statute is mandatory or directory, the general rule is that when a statute provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed; however, if it merely requires certain things to be done and nowhere prescribes results that follow, such a statute is merely directory....

*Id.* at 652–53. We conclude the above reasoning applies to the case at bar. The regulatory provision at issue does not specify a penalty for non-compliance; therefore it must be directory, not mandatory. Point denied.

Under both of the above approaches, we find respondent's reasoning untenable. The ruling of the trial court reinstating respondent's driving privilege is therefore reversed.

REINHARD, P.J., and CRANE, J., concur.