**Lloyd Kim JOHNSON, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. WD 44329.**

Missouri Court of Appeals, Western District.

March 17, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 28, 1992.

Application to Transfer Denied June 2, 1992.

William L. Webster, Atty. Gen., Van M. Pounds, Special Asst. Atty. Gen., Jefferson City, for appellant.

James J. Wheeler, Keytesville, for respondent.

Before LOWENSTEIN, C.J., BERREY, P.J., and BRECKENRIDGE, J.

BRECKENRIDGE, Judge.

The Director of Revenue appeals from an order of the trial court reinstating the driving privileges of Lloyd Kim Johnson, revoked pursuant to § 302.505.1, RSMo 1986 and § 302.525, RSMo 1986.[1] The Director claims that the trial court erred in ordering reinstatement because there was no evidence of breathalyzer malfunction and the Director does not bear the burden of maintenance of the breathalyzer. The judgment is affirmed.

Mr. Johnson's driving privileges were revoked pursuant to §§ 302.505 and 302.525. On June 4, 1990, Mr. Johnson filed a petition for a trial *de novo* pursuant to § 302.-535, praying that his privileges be reinstated. Trial *de novo* was held on August 17, 1990. At trial the Director attempted to introduce evidence of the result of a breathalyzer test taken by Mr. Johnson after his arrest on January 1, 1990, for driving while intoxicated and careless and imprudent driving. Mr. Johnson objected to the admission in evidence of the breathalyzer test results for failure to lay a proper foundation.

Anthony Horvath, a police officer employed by the City of Kirksville, testified that he administered a breath analysis test to Mr. Johnson on January 1, 1990. Witness Horvath did not know when the machine had last been maintained. He did not check the maintenance records before he used the machine and did not know wheth-

---

**1.** All statutory citations are to Revised Missouri   Statutes 1986, unless otherwise stated.

er the machine had been inspected after he had administered the test.

The trial court found that Mr. Johnson was arrested "upon probable cause to believe that he had committed an alcohol-related traffic offense." The trial court further found that "there is no evidence before the Court of compliance with Administrative Rule 19 CSR 20–30.031(3) requiring maintenance checks on breath analyzers at intervals not to exceed thirty-five days." Citing *Woodall v. Director of Revenue*, 795 S.W.2d 419 (Mo.App.1990), the trial court found a mandatory requirement of adherence to 19 CSR 20–30.031(3) because "it insures that the BAC verifier is functioning properly at the time the test was administered." After making these findings, the trial court reinstated Mr. Johnson's driving privileges. The Director appeals the reinstatement.

The Missouri Supreme Court recently considered the identical issue presented in the instant case in *Sellenriek v. Director of Revenue*, 826 S.W.2d 338, 340 (Mo. banc 1992). *Sellenriek* analyzed the perceived conflict between this court's decision in *State v. Litterell*, 800 S.W.2d 7 (Mo.App. 1990), and the Eastern District opinion of *Woodall v. Director of Revenue*, 795 S.W.2d 419 (Mo.App.1990). *Id.* at 7.

The Supreme Court found *Woodall* and *Litterell* to be in harmony. In reconciling these two cases the Supreme Court held, "The requirement of proof of compliance with the regulation regarding maintenance checks only becomes an issue if a proper, timely objection is made to the *admission* of the blood alcohol analysis." *Id.* at 8–9. The Supreme Court further noted that in *Litterell*, "The foundational requirement is met by showing that a maintenance check was done within 35 days prior to the test sought to be admitted." *Id.* at 8.

In the instant case, the admission of blood alcohol analysis was properly objected to by Mr. Johnson. No evidence was presented that 19 CSR 20–30.031(3) had been complied with and, lacking this evidence, the report was inadmissible. The Director, therefore, failed to prove that a chemical test revealed that Mr. Johnson

had a blood alcohol content of thirteen hundredth of one percent (.13) as required for revocation pursuant to § 302.505.1. *Stewart v. Director of Revenue*, 702 S.W.2d 472, 475 (Mo. banc 1986). Reinstatement of the driving privileges of Mr. Johnson was correctly ordered by the trial court. The judgment is affirmed.

All concur.