Edward F. **KOENNEKER**, Respondent,

v.

**DIRECTOR OF REVENUE**, State of Missouri, Appellant.

No. 61006.

Missouri Court of Appeals, Eastern District, Division Three.

June 23, 1992.

William L. Webster, Atty. Gen., Van M. Pounds, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Harold G. Johnson, Mitchell D. Johnson, St. Ann, for respondent.

CRIST, Judge.

Respondent, Edward F. Koenneker, (Driver) was arrested for driving while intoxicated on April 5, 1991, in St. Louis County, Missouri. A chemical test of Driver's breath revealed a blood alcohol concentration of .13 percent or more and license suspension proceedings were commenced. Following an administrative hearing, Driver's privilege to drive was suspended. Thereafter, Driver petitioned the circuit court for a trial de novo pursuant to § 302.-535, RSMo 1986.

At trial de novo, the parties stipulated to the facts and the trial court found there was probable cause to arrest Driver for driving while intoxicated and that the chemical test of his breath revealed a blood alcohol content of .13 percent or more by weight. However, the trial court entered a judgment in favor of Driver because Director failed to present any evidence showing the breath test instrument had undergone a 35–day maintenance check pursuant to 19 CSR 20–30.031(3) and *Woodall v. Director of Revenue*, 795 S.W.2d 419 (Mo.

App.1990). The record does not reflect any objection to the admission of Driver's breath test result.

Director contends the trial court erred in ordering reinstatement of Driver's driving privileges because proof of instrument maintenance was not an element of Director's case.

The facts in this case are similar to the six cases recently decided by our Supreme Court in *Sellenriek v. Director of Revenue*, 826 S.W.2d 338 (Mo.banc 1992). So much so that the same result should ensue.

Reversed and remanded so that the trial court may clarify the record. If the trial court chooses, it may reopen the record to allow a proper objection to be made to the admissibility of the blood alcohol test. If a proper objection is made and sustained, the Director should be given an opportunity to present additional evidence to establish a proper foundation. Judgment shall be entered consistent with the evidence before the trial court.

PUDLOWSKI, P.J., and STEPHAN, J., concur.