**Randolph JOHNSON,
Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, State of
Missouri, Respondent/Appellant.**

No. 61341.

Missouri Court of Appeals,
Eastern District,
Division One.

July 14, 1992.

William L. Webster, Atty. Gen., Van M. Pounds, James A. Chenault III, Sp. Asst. Attys. Gen., Dept. of Revenue, Jefferson City, for respondent/appellant.

James L. Rohlfing, St. Louis, for petitioner/respondent.

REINHARD, Judge.

The Director of Revenue (director) appeals from a judgment reversing an order of license suspension. We reverse.

The parties stipulated to the following facts. On March 3, 1991, petitioner was pulled over by an officer of the Moline Acres Police Department (MAPD). He had been traveling 60 miles per hour in a 45 mile per hour zone and had been straddling lanes of traffic. The officer questioned petitioner, who said he knew what the speed limit was but was not aware that he was traveling that fast. As he spoke, the officer detected a strong odor of intoxicants on his breath. The officer asked petitioner if he had been drinking. Petitioner said he had drank a couple of beers and one mixed drink.

Petitioner subsequently failed three field sobriety tests. He was asked to recite the alphabet, beginning at the letter "C" and ending with the letter "P." Although he stated that he knew the alphabet, petitioner omitted the letters "F," "G," and "K." Petitioner also failed the finger-to-nose test and the walk-and-turn test.

Petitioner was arrested, informed of his Miranda rights and of Missouri implied consent law provisions, and taken to the Moline Acres Police Department, where he agreed to and was administered a breath analysis test. This test revealed a blood alcohol content of .15% by weight.

The director suspended petitioner's driving privileges for thirty days, in accordance with the administrative DWI law, §§ 302.-505–302.540, RSMo 1986. The suspension was upheld after an administrative hearing.

Petitioner sought a trial de novo in circuit court. The parties stipulated to the facts contained in a Verified Alcohol Influence Report, which included those above. The report also stated that petitioner's eyes were watery and bloodshot; his pupils were dilated; he was swaying as he stood, walked and turned; his speech was slurred; his attitude was insulting; his ability to follow directions was poor; and his clothing was mussed and soiled by urine. The report showed that the breathalyzer checklist required by regulation was complied with and that the result demonstrated a

blood alcohol content (BAC) of .15% by weight.

The parties also stipulated to the admission of maintenance reports produced by the department of health and by the MAPD, respectively. The parties stipulated that the MAPD records indicate that maintenance checks on the breathalyzer machine were performed in a timely manner. The most recent check prior to the incident took place on February 14, 1991, seventeen days before the test in question, and found the machine to be in full compliance with department of health specifications. The parties further stipulated that this check was not filed with the state and that department of health records therefore indicate that maintenance check reports were not completed "at intervals not to exceed 35 days" as required by 19 *CSR* 20–30.031(3).[1]

The court found probable cause for the arrest and that a chemical breath test revealed that petitioner had a BAC of .13% or greater by weight. However, the court entered judgment for petitioner, citing *Woodall v. Director of Revenue*, 795 S.W.2d 419 (Mo.App.1990). The court ordered petitioner's license reinstated.

On appeal, the director contends that:

The trial court erred in setting aside the administrative suspension action because [petitioner] was properly subject to suspension, in that filing maintenance reports with the department of health is irrelevant to the question of whether [petitioner] is subject to suspension for violating the administrative DWI law.[2]

We agree. The court's reliance on *Woodall*, 795 S.W.2d 419, is misplaced. *Woodall* held that where the admissibility of a BAC test is objected to on the grounds that the maintenance check regulation was not complied with and it is admitted that no maintenance check took place within 35 days prior to the test, the statutory foundation for the admission of the test is not satisfied. *Woodall*, 795 S.W.2d at 420. The Missouri supreme court has recently held that *Woodall* is to be applied only when the admissibility of the BAC evidence is objected to. *Sellenriek v. Director of Revenue*, 826 S.W.2d 338, 339 (Mo. banc 1992 as modified March 24, 1992). Where as here the admission of the evidence is agreed to by stipulation, *Woodall* is inapposite. *Id.*

We have recently held that where it is admitted that a timely maintenance check took place prior to the test, a party in petitioner's shoes has no interest in the maintenance reports being properly filed. *Turcotte v. Director of Revenue*, 829 S.W.2d 494, 496 (Mo.App.E.D.1992). "The legislative intent behind [the maintenance report] regulation is to allow the Department of Health to verify compliance with its regulation, not to accord procedural protection to drunk drivers." *Id.*

Consequently, the court erred. As in *Turcotte*, it is undisputed that the breathalyzer had been tested in accord with 19 *CSR* 20–30.031(3) and was working properly at the time of petitioner's test. *Id.*, 829 S.W.2d at 495. The evidence was therefore admissible, *Id.*, and combined with the probable cause determination, sufficient to justify the license suspension. § 302.505 et seq., RSMo 1986. We therefore reverse the circuit court and order the suspension of petitioner's driving privileges reinstated.

Judgment reversed.

AHRENS, P.J., and CRIST, J., concur.

---

1. The last report filed with the department of health was dated July 5, 1990.

2. Petitioner has not favored us with a brief.