Robert John DIEHL,
Petitioner/Appellant,

v.

DIRECTOR OF REVENUE, State of Missouri, Respondent/Respondent.

No. 61121.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 25, 1992.

Timothy F. Devereux, Clayton, for petitioner/appellant.

William L. Webster, Atty. Gen., William A. Chenault, III, Sp. Asst. Atty. Gen., Missouri Dept. of Revenue, Jefferson City, for respondent/respondent.

REINHARD, Judge.

Petitioner appeals from the circuit court's order sustaining the Director of Revenue's order suspending petitioner's driver's license. We reverse in part and remand in part.

Petitioner's driver's license was suspended by the Director of Revenue pursuant to § 302.505, RSMo 1986 for driving with a blood alcohol content (B.A.C.) greater than .13 percent. The suspension was sustained by an administrative law judge after an administrative hearing. Petitioner then filed a petition for trial de novo with the circuit court. A hearing was held and in an order dated October 7, 1991, the circuit court ruled that the Director of Revenue was correct in suspending petitioner's driver's license because: (1) the officer who arrested petitioner had probable cause to arrest petitioner for driving while intoxicated, and (2) at the time of arrest petitioner had a B.A.C. greater than .13 per cent.

Petitioner disputes both of these aspects of the circuit court's order.

■ The circuit court's judgment will be affirmed on appeal unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the circuit court erroneously declares or misapplies the law. *Kimber v. Director of Revenue*, 817 S.W.2d 627, 630 (Mo.App.1991). This court reviews the evidence supporting the circuit court's judgment, as well as all reasonable inferences drawn from such evidence, as true. *Id.*

Shortly before 11:00 p.m. on March 22, 1991, Officer Fitch was called to investigate an accident at the intersection of Gravois and Lindbergh in St. Louis County. Officer Fitch's investigation at the accident scene led him to the home of petitioner. Upon arrival, Officer Fitch noticed that petitioner's eyes were bloodshot and watery, his speech was slurred, and he had a strong odor of alcohol on his breath. Petitioner informed Officer Fitch that he had been driving a vehicle involved in the accident at the intersection of Gravois and Lindbergh. He said that his vehicle had bumped into the back of another vehicle.

At this point Officer Fitch performed the following field sobriety tests on petitioner: an alphabet test, a walk-and-turn test, a finger-to-nose test, a one-leg stand test, a horizontal gaze test, a nystagmus test, and a driver's license pick up test. After petitioner failed the sobriety tests Officer Fitch arrested petitioner for driving while intoxicated. Officer Fitch further testified that he arrived at petitioner's home a short time after the accident occurred, and that petitioner stated that he had nothing to drink since the accident.

Officer Fitch arrested petitioner for driving while intoxicated. Petitioner was transferred to the police station, and was given a breath analysis test. According to testimony at trial the test showed a B.A.C. of .21 per cent.

■ Petitioner initially argues that Officer Fitch did not have probable cause to arrest him. We disagree. The above cited

evidence fully supports the trial court's determination that the officer had probable cause. *See*, e.g., *Nuyt v. Director of Revenue*, 814 S.W.2d 690, 691 (Mo.App.1991).

■ Petitioner's principal point is that the trial court erred in admitting into evidence the results of the breath analysis test. Petitioner contends that the Director failed to lay a proper foundation for their introduction in that there was no evidence of a maintenance check being performed on the breathalyzer within 35 days prior to the test.

■ A proponent of breath analysis test results establishes a *"prima facie* foundation for their admission into evidence by proof that: (1) the test was performed by following techniques and methods approved by the Department of Health; (2) the operator of the breath machine had a valid permit; and (3) the equipment and devices used in the test were approved by the Department of Health." *Stuhr v. Director of Revenue*, 766 S.W.2d 446, 449 (Mo. banc 1989). The Department of Health rules require that the breath testing machine undergo a maintenance check at intervals not to exceed 35 days. 19 C.S.R. 20–30–031(3). Adherence to the maintenance check requirement is mandatory. *Woodall v. Director of Revenue*, 795 S.W.2d 419, 420 (Mo.App.1990).

■ A proponent of a breath test offering proof that a maintenance check has been performed on the testing machine within 35 days prior to the test in question has demonstrated compliance with the maintenance check requirement. *Sellenriek v. Director of Revenue*, 826 S.W.2d 338, 340 (Mo. banc 1992). The requirement of proof of compliance with the regulations only becomes an issue, however, if a proper, timely objection is made to the admission of the blood alcohol analysis. *Id.* at 341. An objection to evidence must be sufficiently clear so that a court can understand the reason therefore; an objection encompassing a broad range of situations that are not reasonably apparent does not prove error. *State v. Bartholomew*, 829 S.W.2d 50, 53 (Mo.App.1992).

The Director's sole argument on appeal is that a proper, timely objection was not made by petitioner to the admission of the breath test results. Thus the Director argues that maintenance of the breath testing machine was not in issue. We disagree.

The hearing in this case was subsequent to our transfer of *Sellenriek, supra,* to the Supreme Court and prior to its ruling in that case.

Objection was made by petitioner to the admission of the breath test results (Exhibits A and B). In his initial objection to the test results petitioner did not object to the Director's failure to introduce a maintenance check on the machine. When the Director moved for the admission of the exhibits illustrating the test results the court stated, "I've taken it under submission." After further examination of the testing witness, counsel for the petitioner stated an additional objection as follows:

I am also objecting, under a recent case handed down, that expands on the Woodall decision, that now says—and this came down last week from the Court of Appeals, style Selineck [sic] and Hartman v. Director of Revenue. That says the Director of Revenue has an affirmative duty now, to provide and prove maintenance reports within 35 days in the case in chief as a foundation for any introduction of any results.

Following the trial de novo the circuit court entered a written judgment which stated: "On 9–20–91, the above matter was called and submitted upon the evidence adduced. The court finds as follows: (1) that petitioner's objections to the introduction of evidence of respondent's exhibits A and B, taken under submission, are overruled. Respondent's exhibits A and B are received in evidence...."

A proper objection was made prior to the admission of the test results, and should have been sustained. Thus the results of the breath test were improperly admitted, and the order of the trial court here cannot be affirmed.

The judgment of the circuit court is reversed and the cause remanded to the cir-

cuit court. The Director should be given an opportunity to present additional evidence to establish compliance with the maintenance requirement. Judgment shall then be entered consistent with that evidence.

Judgment affirmed in part; reversed and remanded in part.

AHRENS, P.J., and CRIST, J., concur.