Larry L. BOND, Appellant,

v.

DIRECTOR OF REVENUE, State
of Missouri, Respondent.

No. 17969.

Missouri Court of Appeals,
Southern District, Division Two.

Feb. 2, 1993.

Wayne Gifford, Waynesville, for appellant.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

Larry L. Bond (Petitioner) appeals from the judgment of the circuit court which sustained the order of the Director of Revenue (Director) suspending Petitioner's driver's license. We reverse and remand.

The Director suspended Petitioner's driver's license pursuant to § 302.505, RSMo 1986, for driving with a blood alcohol content greater than .13 percent. Petitioner requested an administrative hearing, and his suspension was upheld. Petitioner then filed a Petition for Trial De Novo with the circuit court.

A hearing was held in circuit court on December 19, 1991, where the undisputed facts revealed the officer who arrested Petitioner had probable cause to arrest him for driving while intoxicated. The arresting officer, Trooper Rucker, also testified to his qualifications to operate the breathalyzer machine in question and the procedures he used in testing Petitioner. Counsel for Petitioner objected to the admission of the breath test results on the basis that the evidence failed to show the machine had undergone a maintenance check within 35 days prior to the test in question. The

objection was overruled, and the court then ruled in favor of the Director.

Here, the Director tacitly admits the trial court incorrectly overruled Petitioner's objection. The real dispute centers on our disposition of the case. Petitioner insists that the trial court's order must be reversed, while the Director requests the cause be remanded for introduction of evidence regarding maintenance of the machine in question.

A proponent of breath analysis test results establishes a *"prima facie* foundation for their admission into evidence by proof that: (1) the test was performed by following techniques and methods approved by the Department of Health; (2) the operator of the breath machine had a valid permit; and (3) the equipment and devices used in the test were approved by the Department of Health." *Stuhr v. Director of Revenue,* 766 S.W.2d 446, 449 (Mo. banc 1989). The Department of Health rules require that the breath testing machine undergo a maintenance check at intervals not to exceed 35 days. 19 C.S.R. 20–30–031(3). Adherence to the maintenance check requirement is mandatory. *Woodall v. Director of Revenue,* 795 S.W.2d 419, 420 (Mo.App.1990).

A proponent of a breath test offering proof that a maintenance check has been performed on the testing machine within 35 days prior to the test in question has demonstrated compliance with the maintenance check requirement. *Sellenriek v. Director of Revenue,* 826 S.W.2d 338, 340 (Mo. banc 1992). The requirement of proof of compliance with the regulations only becomes an issue, however, if a proper, timely objection is made to the admission of the blood alcohol analysis. *Id.* at 341.

*Diehl v. Director of Revenue,* 836 S.W.2d 94, 96 (Mo.App.1992).

Here, a proper and timely objection, which should have been sustained, was made to the admission of the blood alcohol analysis. The results of the breath test were improperly admitted, and the judgment of the trial court cannot stand.

In *Diehl,* petitioner objected (on the same basis as here) to the admission of the blood

alcohol analysis. The objection was overruled. Finding the results of the breath test were improperly admitted, the appellate court reversed the judgment and remanded the cause to allow the Director "an opportunity to present additional evidence to establish compliance with the maintenance requirement." *Id.* at 97.

Petitioner argues against remand, citing *Johnson v. Director of Revenue*, 829 S.W.2d 572 (Mo.App.1992), to us in oral argument. In that case, the Director of Revenue appealed from an order of the trial court reinstating the driving privileges of the petitioner, revoked pursuant to §§ 302.505 and 302.525. At trial, petitioner objected to the admission of the breathalyzer test results for failure to lay a proper foundation which the trial court *sustained.* The court of appeals noted no evidence was presented indicating compliance with 19 C.S.R. 20–30.031(3), and the objection was properly sustained. Thus, the Director failed to prove that a chemical test revealed petitioner had the necessary blood alcohol content for revocation. The case was reversed without remand.

Unlike *Johnson,* in both the instant case and *Diehl,* Petitioners' objections were *overruled.* In each case, the trial court incorrectly received evidence that the chemical test results proved Petitioners had the necessary blood alcohol content for suspension. Clearly, *Johnson* and *Diehl* are dissimilar.

Based on *Diehl,* we believe the remand requested by the Director is proper. Accordingly, the judgment is reversed and the cause is remanded to the circuit court. There, the Director shall be given an opportunity to present additional evidence to establish compliance with the maintenance requirement regarding the machine in question. The trial court shall then enter judgment consistent with the evidence presented. It is so ordered.

PREWITT and GARRISON, JJ., concur.