ROBERT G. DOWD, JR., Judge
The Director of Revenue appeals from the judgment reinstating the driving privileges of Gerald Roam. We reverse and remand.
Roam was arrested for driving while intoxicated after a traffic stop during which he performed poorly on field sobriety tests, admitted to consuming alcohol and displayed indicia of intoxication. After being transported to the police station, Roam agreed to provide a breath sample on an EC/IR II breath analyzer, the results of which showed that his blood alcohol content ("BAC") was .113 percent, well over the legal limit of .08 percent. Roam's license was revoked, and he filed a petition for a trial de novo.
At the beginning of trial, the Director offered into evidence the BAC results, which the trial court admitted on condition that a proper foundation was laid. The arresting officer testified about all the steps he took prior to administering the breath test to Roam and about the maintenance check he had performed on the breath analyzer a few weeks prior to the test, which showed the machine was working properly at the relevant time. Counsel for Roam stated he did not have an objection to the maintenance check, and the maintenance report was admitted without objection. The officer testified that he could not recall filing a copy of the maintenance report with the Department of Health and Senior Services ("DHSS"), which he admitted he should have done according to DHSS regulations. See 19 CSR 25-30.031(3). When the court asked counsel for Roam what he thought about the officer's failure to file the maintenance report issue, counsel said "I'm going to let that go, Judge. I'm not waiving it if I were ever to appeal." The Director then told the court that according to Turcotte v. Director of Revenue , 829 S.W.2d 494, 495 (Mo. App. E.D. 1992), filing the report with DHSS is not a necessary prerequisite *3 to the admissibility of the BAC results. Roam made no other argument regarding admissibility of the BAC results. He did, however, challenge the reliability of those results with evidence that the size of his breath sample was too large for the breath analyzer to take an accurate reading.
In its judgment, the trial court first found that the size of Roam's breath sample did not call "the validity of the result into question." The court then found, based on the officer's demeanor, that the officer had not filed the maintenance report with DHSS. It concluded there was not absolute and literal compliance with 19 CSR 25-30.031(3) and sustained the objection to the admission of the BAC results. The trial court held that the Director had not satisfied its burden and ordered that Roam's driving privileges be reinstated. The Director appeals.
We will affirm the decision of the trial court to reinstate driving privileges if it is supported by substantial evidence, is not against the weight of the evidence and does not erroneously declare or apply the law. White v. Director of Revenue, 321 S.W.3d 298, 307-08 (Mo. banc 2010). The Director has the burden to establish by a preponderance of the evidence a prima facie case for suspension of a driver's license by introducing evidence that there was probable cause for arresting the driver for an alcohol-related offense and that the driver's BAC exceeded the legal limit of .08 percent. Gallagher v. Director of Revenue , 487 S.W.3d 24, 26 (Mo. App. E.D. 2016). To establish that a driver's BAC was over the legal limit, the Director may introduce evidence of the results of a breath analyzer test. Id. To lay a foundation for admission of those results, the Director must establish that the test was performed using the approved techniques and methods of DHSS, by an operator holding a valid permit and on equipment and devices approved by the DHSS. Id.
DHSS has promulgated regulations regarding the maintenance of breath analyzers. At issue here is the regulation requiring maintenance checks on breath analyzers at 35-day intervals, which also states that the officer who performed the check "shall retain the original report of the maintenance check and submit a copy of the report so that it shall be received by [DHSS] within fifteen days from the date the maintenance check was performed." 19 CSR 225-30.031(3). The trial court here concluded the BAC results were inadmissible because the maintenance report had not been filed with DHSS. This was an erroneous application of the law. As the Director pointed out to the trial court by citing Turcotte v. Director of Revenue , 829 S.W.2d 494, 495 (Mo. App. E.D. 1992), our courts have long-held that filing the report with DHSS is not mandatory and that noncompliance with that regulation does not render the BAC results inadmissible.
In Turcotte , the trial court had sustained an objection to the admission of BAC results on the ground that a maintenance report for that machine had not been filed with DHSS as required by 19 CSR 20-30.031(3), now 19 CSR 25-30.031(3). See 829 S.W.2d at 495. On appeal, the driver argued that this was a mandatory regulation and having not been followed, the BAC results from that machine were inadmissible. Id. We disagreed and held that merely failing to file a maintenance report, where there is no argument that the maintenance check itself was deficient, does not impeach the machine's accuracy. Id. 496. The driver's only interest, we said, is that the BAC result be accurate, and that interest is adequately protected by the regulations establishing that the machines must be approved and tested regularly. Id. Compliance with those regulations is "mandatory *4 as far as ensuring the test accuracy by timely maintenance checks." Id. But a driver "has no interest in the maintenance report being properly filed" and that issue is, therefore, "irrelevant." Id. "The legislative intent behind this regulation is to allow [DHSS] to verify compliance with its regulation, not to accord procedural protection to drunk drivers." Id. Therefore, we also concluded that the filing regulation-even though it used the word "shall"-was "directory, not mandatory." Id. We reached the same conclusion in Johnson v. Director of Revenue , agreeing that filing maintenance report with DHSS is irrelevant to the question of whether the driver is subject to suspension for violating the administrative DWI law. 833 S.W.2d 482, 483 (Mo. App. E.D. 1992) ; accord Canania v. Director of Revenue , 918 S.W.2d 310, 314 (Mo. App. S.D. 1996) (citing Turcotte and Johnson ). The same result is required here: there was no challenge to propriety of the maintenance check itself and a copy of the maintenance report was admitted without objection at trial. Therefore, the mere failure to file a copy of that report with DHSS is irrelevant and does not establish a ground for deeming the BAC results inadmissible.
In spite of the established case law, Roam insists that the Director must demonstrate "absolute and literal compliance" with this DHSS regulation before the BAC results can be admitted into evidence, and the trial court seems to have agreed. Besides being in conflict with the above law, our courts have specifically rejected this proposition as well. In Potts v. State , the court held instead that the Director must only demonstrate absolute and literal compliance with those regulations "governing the actual performance " of the maintenance check and not with those regulations "governing collateral issues which do not affect the actual performance or validity of the test itself." 22 S.W.3d 226, 230 (Mo. App. W.D. 2000) (emphasis added). Potts determined that the requirement for filing a copy of the maintenance report with DHSS is a collateral issue that does not affect the performance or validity of the breath test. Id. at 231.
Roam has failed to adequately address, much less distinguish, Turcotte , Potts or any of the above precedent. Instead, he stated in his brief that the trial court had Turcotte before it, knew the law and is presumed to have followed it.[1] But clearly the court did not follow the law. It was error not to admit the BAC results on the ground that the maintenance report had not been filed with DHSS. Therefore, we must reverse and remand.
On remand, because there were no other challenges raised to its admissibility , the court is directed to admit the BAC results. The court also already rejected the only basis Roam asserted for finding the BAC results unreliable (namely, the size of the breath sample). Therefore, the Director has met both its burden of production and persuasion with regard to establishing Roam's BAC was over the legal limit. But the trial court did not address whether the Director proved the other element necessary to revoke Roam's driving privileges: probable cause for his arrest. Therefore, we must remand for such findings.
Point I is granted.[2]
*5 The judgment is reversed and remanded for further proceeding consistent with this opinion.
Philip M. Hess, P.J. and Mary K. Hoff, J., concur.

At oral argument, counsel asserted a different argument, claiming that Turcotte and the other cases cited above were overruled by White , 321 S.W.3d 298, and Stiers v. Director of Revenue , 477 S.W.3d 611 (Mo. banc 2016). This is incorrect as neither of those cases said anything about compliance with a regulation that does not impact the validity of the test as a foundational prerequisite to the admission of breath test results.

This point is dispositive, and we do not reach the Director's second point on appeal regarding the sufficiency of Roam's objection to admission of the BAC results.