KURT S. ODENWALD, Presiding Judge
Introduction
The Director of Revenue ("the Director") appeals from the judgment of the trial court setting aside the suspension of Gabrielle Hearne's ("Hearne's") driver's license and reinstating her driving privileges. Because the trial court erroneously applied the law in excluding the Blood Alcohol Test Report that showed Hearne had a blood alcohol content ("BAC") greater than .08 percent, we reverse and remand.
Factual and Procedural History
The State arrested Hearne for driving while intoxicated, following a traffic stop. The police officer reported that Hearne's eyes were bloodshot, her speech was slurred, and an odor of alcohol emanated from her breath. The police officer asked Hearne to perform field sobriety tests, and submit to a portable breath analyzer test. Based on her performance of these tests, the police officer arrested Hearne for driving while intoxicated. After the police officer transported Hearne to the St. Louis County intake facility, Hearne provided a breath sample on an Intox DMT breath analyzer. Hearne's breath analyzer test result showed that her BAC was .148 percent-substantially over the legal limit of .08 percent. Hearne's driver's license was suspended following an administrative hearing by the Director. Hearne filed a petition for a trial de novo of her driver's license suspension.
At trial, before a commissioner, the Director offered Exhibit A into evidence. Exhibit A contained documents supporting *68 Hearne's arrest, including the Blood Alcohol Test Report, showing Hearne's BAC of .148 percent; the maintenance report for the Intox DMT used to administer the breath analyzer test; and a copy of a certification permit, proving the operating police officer was certified to perform maintenance on the Intox DMT. Hearne objected to the admission of the breath analyzer test results included in Exhibit A, arguing that the Director failed to file the maintenance report for the Intox DMT with the Department of Health and Senior Services ("DHSS") within fifteen days of the maintenance check, as required by the DHSS regulations. The Director stipulated that it did not file the maintenance report within the required fifteen days. Hearne agreed that she based her objection to the admissibility of Exhibit A solely upon the Director's failure to timely file the maintenance report with DHSS. Hearne made no other argument regarding the admissibility of the BAC results.
The Commissioner entered judgment in favor of Hearne. While finding that the Director met his burden to prove that Hearne was arrested upon probable cause to believe she was driving while intoxicated, the Commissioner determined that the Director did not meet his burden to prove that Hearne had a BAC of .08 percent or more. The Commissioner excluded the breath analyzer test results from evidence because the Director did not show compliance with the DHSS regulations that require a copy of the maintenance report be sent to the DHSS within fifteen days of the maintenance check.
The Director moved for a rehearing. The Director addressed this Court's holding in Turcotte v. Dir. of Revenue, 829 S.W.2d 494 (Mo. App. E.D. 1992) and argued that filing the maintenance report with DHSS was not a prerequisite to the admissibility of the BAC results. The trial court denied the Director's motion and affirmed the Commissioner's judgment. The Director appeals.
Point on Appeal
In his sole point on appeal, the Director argues the trial court erred in setting aside the revocation of Hearne's driving privileges because the Director properly introduced Hearne's breath test results, and the untimely filing of the test's maintenance report does not bar the admission of the test results.
Discussion
We will affirm the decision of the trial court to reinstate driving privileges if it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. White v. Dir. of Revenue, 321 S.W.3d 298, 307-08 (Mo. banc 2010). The Director must establish, by a preponderance of the evidence, a prima facie case for suspending a driver's license. Roam v. Dir. of Revenue, No. ED 106142, 559 S.W.3d 1, 4-5, 2018 WL 3848522, at *3 (Mo. App. E.D. Aug. 14, 2018) (citing Gallagher v. Dir. of Revenue, 487 S.W.3d 24, 26 (Mo. App. E.D. 2016) ). Specifically, the Director must introduce evidence both of probable cause for arresting the driver for an alcohol-related offense and of the driver's BAC exceeding the .08 percent legal limit. Id."To establish that a driver's BAC was over the legal limit, the Director may introduce evidence of the results of a breath analyzer test." Id. However, to properly introduce the breath analyzer tests into evidence, "the Director must establish that the test was performed using the approved techniques and methods of DHSS, by an operator holding a valid permit and on equipment and devices approved by the DHSS." Id.
*69 DHSS regulates the proper maintenance and operation of breath analyzer tests. Id. at *4. As in Roam, the issue before us stems from the regulation requiring maintenance checks on breath analyzer tests at thirty-five-day intervals, and further requiring that the police officer who performed the check "shall retain the original report of the maintenance check and submit a copy of the report so that it shall be received by [DHSS] within fifteen [ ] days from the date the maintenance check was performed." MO. CODE REGS. tit. 19, § 25-30.031(3) (2014) ; Roam, 2018 WL 3848522, at *4. Here, the trial court affirmed the Commissioner's findings and recommendations, including the exclusion of the BAC results, because the Director filed the maintenance report after the required deadline. In so concluding, the trial court erroneously applied the law. As the Director pointed out to the trial court in its Motion for Rehearing, our Courts have long held that noncompliance with § 25-30.031(3) does not necessarily render the BAC results inadmissible. Turcotte v. Dir. of Revenue, 829 S.W.2d 494, 496 (Mo. App. E.D. 1992).
In Turcotte. the trial court similarly excluded from evidence BAC results because the maintenance report for the breath analyzer machine had not been filed with DHSS as required by MO. CODE REGS. tit. 19, § 20-30.031(3) (1988), now § 25-30.031(3). 829 S.W.2d at 495. On appeal, the driver argued that the reporting requirement was a mandatory regulation and having not been followed, the BAC results from that machine were inadmissible. Id. We disagreed and held that merely failing to file a maintenance report, absent an argument that the maintenance check was deficient, does not undermine the machine's accuracy. Id. at 496. We emphasized that the driver's interest properly focuses on the accuracy of the BAC test result, and that interest is adequately protected by the regulations mandating that the breath analyzer machines be approved and tested regularly. Id. Compliance with those regulations is "mandatory as far as ensuring the test accuracy by timely maintenance checks." Id. But a driver "has no interest in the maintenance report being properly filed" and that issue is therefore "irrelevant." Id."The legislative intent behind this regulation is to allow [DHSS] to verify compliance with its regulation, not to accord procedural protection to drunk drivers." Id. Accordingly, even though the filing regulation used the word "shall," we deemed the usage "directory, not mandatory," Id. As noted in Roam, this Court reached the same conclusion in Johnson v. Dir. of Revenue, holding that filing the maintenance report with DHSS is irrelevant to the question of whether the driver is subject to suspension for violating the administrative driving-while-intoxicated law. 833 S.W.2d 482, 483 (Mo. App. E.D. 1992) ; accord Canania v. Dir. of Revenue, 918 S.W.2d 310, 314 (Mo. App. S.D. 1996) (citing Turcotte, 829 S.W.2d 494 ; Johnson, 833 S.W.2d at 483 ). We find no basis to diverge from the consistent rulings rendered by this Court. The appeal before us presents no challenge to the propriety of the maintenance check. A copy of the maintenance report was admitted without objection at trial. The Director's failure to timely file a copy of that report with DHSS is irrelevant and does not establish a ground for excluding the BAC results from evidence.
Contrary to well-established case law, the trial court's judgment mandates absolute and literal compliance with § 25-30.031 (3) before the BAC results can be admitted into evidence. Again, as noted in Roam, our Courts have specifically rejected this proposition. Roam, 2018 WL 3848522, at *4. In Potts v. State, the Western District held instead that the Director *70 must only demonstrate absolute and literal compliance with those regulations "governing the actual performance " of the maintenance check and not with those regulations "governing collateral issues which do not affect the actual performance or validity of the test itself." 22 S.W.3d 226, 230, 231 (Mo. App. W.D. 2000) (emphasis in original). Potts concluded that the requirement for filing a copy of the maintenance report with DHSS is a collateral issue, not affecting the performance or validity of the breath analyzer test. Id. at 231.
By excluding the BAC results contained within the Blood Alcohol Test Report, the trial court erroneously applied the law. The trial court erred in excluding from evidence the BAC results proffered by the Director on the ground that the maintenance report had not been filed timely with DHSS. Because there were no other challenges raised to its admissibility , the court should have admitted the BAC results into evidence. With such evidence, the record established that the Director has met both its burden of production and persuasion with regard to establishing Hearne's BAC exceeded the legal limit. Moreover, the trial court specifically affirmed the Commissioner's finding that the arresting police officer had probable cause to arrest Hearne for driving while intoxicated. Accordingly, the Director fully met its burden of establishing the requisite facts to support the suspension of Hearne's driving privileges. The trial court's judgment not only erroneously applied the law, but also went against the weight of the evidence given the admission of the BAC results.
Point One is granted.
Conclusion
This matter is reversed and remanded for further proceedings consistent with this opinion and with instructions to reinstate the Director's administrative suspension of Hearne's driving privileges memorialized in the Director's Findings of Fact and Conclusions.
Gary M. Gaertner, Jr. J., concurs.
Colleen Dolan J., concurs.