**Lawrence E. BRADFORD,
Petitioner-Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF
MISSOURI, Respondent-Appellant.**

No. 52554.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 25, 1987.

William L. Webster, Atty. Gen., James Chenault, III, Sp. Asst. Atty. Gen., Missouri Dept. of Revenue, Jefferson City, for respondent-appellant.

Timothy Devereux, Clayton, for petitioner-respondent.

CRANDALL, Judge.

The Director of Revenue (Director) appeals from the judgment of the trial court rescinding a determination made by the Department of Revenue to suspend the driving privileges of respondent, Lawrence E. Bradford. The judgment, entered after a trial de novo, was based upon the trial court's finding that the Director had failed to meet his burden of proof "to wit, that the machine was in proper working order at time of testing." We reverse.

During the early morning hours of May 2, 1986, Officer Dupree of the Creve Coeur Police Department, using a radar gun, clocked an automobile traveling at 74 miles per hour in a 40 mile per hour zone. He also observed the vehicle weaving across the center lane. Dupree stopped the automobile and had the driver exit the vehicle. The driver was Bradford. Dupree observed that Bradford displayed numerous signs of intoxication. After Bradford failed the field sobriety tests given at the scene, Dupree arrested him for driving while intoxicated.

Dupree transported Bradford to the police station where Dupree administered a breathalyzer test to Bradford. Dupree was certified to give the test by reason of a Type III operating permit issued to him by the Division of Health. He administered the test in accordance with standard procedures set forth in the operational checklist supplied by the Division of Health.

The alcohol concentration in Bradford's breath was measured by the machine at .148 of one percent by weight of alcohol in his blood. The print-out from the machine which showed this reading was dated May 1, 1986 rather than May 2, 1986, the actual date on which the test was administered. Because Bradford's blood alcohol content exceeded .13 of one percent, his driving privileges were suspended by the Director of Revenue pursuant to Sections 302.500 -.540 RSMo 1986.

Our standard of review is that of a court-tried civil case. *See Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The sole issue presented on appeal is whether the trial court erred in ruling that the Director failed to meet his burden of proof by failing to establish that the machine was in proper working order at the time of testing.

 If a breathalyzer test is administered by a certified operator in accordance with the operating procedures promulgated by the Missouri Division of Health, a *prima facie* case for the admission of the test results is made. *Collins v. Director of Revenue,* 691 S.W.2d 246, 253 (Mo. banc 1985). Introduction of the checklist and testimony that the procedures there de-

fined were followed is sufficient foundation to permit admission of the test results. *Id.* A contention that the breathalyzer was not operating properly can only validly be made if supported by some evidence which at least suggests that a malfunction occurred despite adherence by the testing officer to the correct test methods. *State v. Bush,* 595 S.W.2d 386, 389 (Mo.App. 1980).

In the instant case, the checklist was introduced into evidence and Officer Dupree testified that he followed the steps contained on the checklist. That evidence was sufficient foundation to warrant the admission of the results of the breathalyzer test.

The incorrect date on the print-out does not evince a malfunction of the machine. It means either that someone forgot to reset the date after the month of April or, in the alternative, that the test in question was not given to Bradford. In the case *sub judice,* there is no question that, on May 2, 1986, Bradford was arrested by the police officer and given a breathalyzer test. It is also undisputed that the reading on the breathalyzer test was .148 of one percent. This is not a case of mistaken identity of the defendant or of mistaken test results. Neither of these contentions were advanced at trial; and the case was not decided on the basis of either of those propositions. The fact that someone forgot to reset the date is irrelevant to the issue of whether the machine functioned properly. Clearly, the Director of Revenue met his burden of proof at trial.

We therefore hold that the trial court erred in not admitting the test results of the breathalyzer. The judgment of the trial court is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

PUDLOWSKI, P.J., and KAROHL, J., concur.