**Edward Jessie CISSELL, Respondent,**

**v.**

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. 52785.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 6, 1987.

Cynthia B. Green, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Ronald J. Brockmeyer, St. Charles, Jack J. Gilbert, St. Louis, for respondent.

KAROHL, Judge.

The Director of Revenue (Director) appeals a judgment of the circuit court reversing the Department of Revenue's Administrative Suspension of respondent Edward Cissell's driver's license pursuant to Sections 302.500 to 302.540, RSMo 1986. We reverse and remand.

Respondent was arrested on May 7, 1986 and was charged with driving a motor vehicle while under the influence of alcohol. Respondent initially had been observed by a police officer to drive his vehicle over a

curb, back up and drive on. The officer stopped the automobile and had the driver produce his drivers' license. The license and subsequent questioning identified the driver as Edward Cissell. The officer observed that Cissell displayed numerous signs of intoxication and failed field sobriety tests. Driver was arrested for driving under the influence of alcohol. A chemical breathalyzer test was subsequently administered to Cissell and the machine registered a blood alcohol concentration (BAC) of .17 percent. Notice of driver's license suspension was issued pursuant to Sections 302.500—.540, RSMo 1986. The suspension was affirmed on administrative review.

A trial de novo in the circuit court resulted in a reversal of the suspension order. The sole issue on appeal is based upon the trial court's finding of fact that Director failed to prove licensee was operating a motor vehicle while intoxicated.

Our review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The decree or judgment of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declared or applies the law. We defer to the trial court to ascertain the facts and judge the credibility of the witness.

The statutory language of Section 302.-505 RSMo 1986 requires department suspension or revocation of the license of any person (1) arrested upon probable cause to believe (2) that this particular person was driving a motor vehicle (3) while the person's blood alcohol concentration was greater than or equal to thirteen-hundredths of one-percent.

■ Director argues the the BAC test result indicating .17 percent was sufficient to support suspension or revocation. We recognize that if a breathalyzer examination is administered by a certified operator in accordance with procedures promulgated by the Missouri Division of Health, a *prima facie* case for the admission of the test results is made. *Bradford v. Director of Revenue*, 735 S.W.2d 208 (Mo.App.1987). Introduction of the "checklist" of autho-

rized procedures or judicial notice of the list, and testimony that the procedures there defined were followed is sufficient foundation to permit admission of the test results. *Collins v. Director of Revenue*, 691 S.W.2d 246, 252 (Mo. banc 1985).

■ Here, the court judicially noticed the checklist, the list was admitted into evidence, and the licensed officer testified that he followed all procedures contained therein. These matters are not contested. That evidence was sufficient foundation to warrant admission of the breathalyzer test results. We find no suggestion in the record that the machine was malfunctioning. Hence, the result of the test, .17 percent BAC, was before the court as an uncontested fact. Licensee did not offer any opposing evidence. The finding of the trial court of failure to prove licensee was operating with a .13 percent BAC is contrary to all the evidence and is unsupported by any evidence. A remand is required.

■ The final element we discuss is the initial requirement that there be probable cause to stop and arrest for driving while intoxicated. Probable cause to arrest exists where a police officer observes a traffic violation or the unusual operation of a vehicle and upon stopping the motorist, indications of alcohol consumption are noted. *Schranz v. Director of Revenue*, 703 S.W.2d 912, 913 (Mo.App.1986).

In this case, the facts indicated a belief by the arresting officer that prior to arrest respondent had been operating his motor vehicle in violation of state laws against driving while intoxicated. The officer's testimony indicated that the driver was operating his vehicle in an unusual manner. Licensee drove into a parking lot and over a curb, then backed up and exited the lot. Further, after the stop, the officer noted the driver had a "strong odor of alcohol on his breath", his eyes were red and bloodshot, his face flushed and speech slurred. Moreover, the driver failed three sobriety tests: his balance was poor; he could not recite the alphabet without stuttering; and he could not balance on one leg.

As to this issue, probable cause to arrest, the trial court made no findings of fact. The evidence, if believed by the fact finder, was sufficient. But a finding is required. We reverse and remand to the trial court for a finding on the element of probable cause to arrest. If the court finds probable cause then the Director is entitled to the judgment he seeks.

Reversed and remanded.

PUDLOWSKI, P.J., and CRANDALL, J., concur.