David THURMAN, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. 53164.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 16, 1988.

William L. Webster, Atty. Gen., Cynthia Beth Green, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Laurence F. Alter, St. Louis, for respondent.

CRIST, Judge.

The Director of Revenue (Director) appeals the judgment of the trial court reinstating David Thurman's (Driver's) driving privileges after they had been suspended pursuant to § 302.505, RSMo 1986. The trial court did not issue findings of fact and did not give the basis of its decision. We reverse and remand.

After his driving privileges were revoked, Driver requested and was granted a trial de novo. At that trial the only witness was the arresting officer. The officer testified he observed a vehicle weaving on the road and pulled it over. As he approached the vehicle Driver got out and staggered towards the officer. The officer noticed Driver's eyes were bloodshot and watery, his pupils were dilated, his speech was slurred and he seemed a little confused. The officer then administered several field sobriety tests. Driver was unable to successfully complete his alphabet, count backwards from 100 to 78, walk heel to toe, find his nose with either hand, or walk a straight line. The officer arrested Driver and administered a breath analysis test which indicated Driver's blood alcohol to be .133 percent by weight. The officer also testified at the trial de novo that he held a Type III permit to operate the breath analysis machine, that he was the primary operator of that machine, and that he had last calibrated it about three weeks before Driver was arrested. Admitted into evidence at the trial de novo were the officer's public safety certificate, his Type III permit, the checklist used in administering Driver's breath test, the chromatogram from Driver's breath test indicating .133 percent blood alcohol by weight, and a certified copy of the ordinance under which Driver was arrested. After hearing this testimony the trial court, without making any findings, sustained Driver's petition and reinstated his driving privileges.

The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or erroneously declares or applies the law. In determining if there is substantial evidence, we defer to the ability of the trial court to ascertain the facts and judge witness credibility. We view the evidence in the light most favorable to the judgment. And, where there are no findings of fact we assume the trial court's judgment was based on proper grounds. *See Cissell v. Director of Revenue*, 737 S.W.2d 522, 523 (Mo.App.1987). Under the above standard we reverse and remand because, if believed, the evidence does not support the judgment.

At the trial de novo the Director bears the burden of proving there was probable cause to make the arrest and that Driver had a blood alcohol content of .13 percent or more. *Stewart v. Director of Revenue*, 702 S.W.2d 472, 475[8] (Mo. banc 1986). The trial court did not state the reason for its action, thus we will address both issues.

Probable cause to make an arrest for driving while intoxicated exists if an officer observes a vehicle being driven erratically and after stopping the car the driver exhibits the indicia of intoxication. *See Cissell,* 737 S.W.2d at 523[3]. The officer observed the vehicle weaving on the road and after stopping the car he noticed among other things that Driver's eyes were bloodshot and his speech slurred. This evidence of intoxication was substantiated by Driver's inability to satisfactorily complete several field sobriety tests. This evidence is sufficient to show probable cause for the arrest. And a finding of no probable cause based upon the evidence before the court would have been erroneous. *See Aron v. Director of Revenue,* 737 S.W.2d 718, 720[3] (Mo. banc 1987).

The Director bears the burden of proving Driver had a blood alcohol content of .13 percent or greater, but once Director presents evidence to show the officer administering the test was certified and that the test was administered in accordance with established procedures, a claim that the test results are invalid can only succeed if there is some evidence to suggest a malfunction of the machine. *Bradford v. Director of Revenue,* 735 S.W.2d 208, 210[2] (Mo.App.1987). On cross-examination the officer indicated the breathalyzer had last been calibrated three weeks before Driver's arrest. The trial court commented on this fact after the close of the evidence but before entering the judgment. We do not know if this is the reason the trial court reinstated Driver's driving privileges. If it is, it is an erroneous application of the law. The Director made a prima facie case; the fact the breathalyzer had not been calibrated for three weeks is not of itself evidence of a malfunction. *See Bradford,* 735 S.W. 2d at 210 (wrong date on breath analysis printout not evidence of malfunction of machine).

The Director met his burden at trial. The transcript reveals no inconsistencies in the officer's testimony, and there is no indication he hesitated or equivocated in his answers on either direct or cross-examination. Without findings of fact we cannot determine on the record before us whether the trial court's action was supported by substantial evidence. Additionally, we note the judgment and the Notice of Appeal give Driver's name as Thurman, while his driver's license and the briefs give his name as Thurmond.

Judgment reversed and remanded for findings of fact on the issues, which if believed by the finder of fact, entitle Director to a judgment in its favor, at which time the trial judge will consider if defendant's name is Thurman or Thurmond.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.