**John E. STUHR, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 70957.

Supreme Court of Missouri,
En Banc.

March 14, 1989.

As Modified April 18, 1989.

William L. Webster, Atty. Gen. and Cynthia B. Green, Sp. Asst. Atty. Gen., Missouri Department of Revenue, Jefferson City, for appellant.

Andrew S. Carroll, Sedalia, for respondent.

PER CURIAM.

The Director of Revenue appeals from a judgment of the Circuit Court of Pettis County entered after a trial *de novo* reinstating the driving privileges of respondent, John E. Stuhr. The Court of Appeals reversed but did not remand. In so doing, the Court of Appeals failed to provide respondent an opportunity to present his defense. We granted transfer and have jurisdiction. Mo. Const. art. V, § 10. Reversed and remanded.

On December, 1986, Trooper Michael McClain observed a vehicle driven by Stuhr cross the center line twice into the left lane on westbound U.S. 50. Trooper McClain signaled for Stuhr to stop, which he did. The trooper smelled alcohol on Stuhr's breath. He observed that Stuhr's eyes were watery and his words slurred. Two bottles of vodka and a container of grapefruit juice were found inside the vehicle.

Trooper McClain administered three field sobriety tests; the alphabet, the basic heel-to-toe exercise, and the horizontal gaze nystagmus test. Based upon Stuhr's poor performance on these tests, the trooper came to the conclusion that Stuhr was intoxicated and took Stuhr into custody, transporting him back to the Pettis County Sheriff's Department for a breath analysis test. Before the test was given to him, Stuhr was informed of Missouri's implied consent law.

Trooper McClain, who holds a Type III permit issued by the Missouri Department of Health, administered the test to Stuhr using a BAC Verifier. The trooper testified that he completed all of the steps on the checklist except that when he reached step 3B he noticed that the instrument was not displaying the correct time. The trooper went through the test and collected the sample from Stuhr. The tape print-out of the machine indicated that the time was 23:47, which in military time equates to 11:47 p.m. The tape also showed the date as May 20. In actuality the test was run on December 6, 1986, at 2:06 a.m. Other than the incorrect date and time, the trooper did not notice anything unusual regarding the test he gave to Stuhr.

Trooper Lawrence Jefferson testified that as a part of his job he maintains Breathalyzer machines owned by the Highway Patrol and, to that end, he held a Type II–R permit. Specifically, he maintained the BAC Verifier used to test Stuhr. Received into evidence were two maintenance reports made by Trooper Jefferson as a result of two regular maintenance checks conducted on November 30, 1986, and December 13, 1986. On those dates, the machine was functioning properly. He testified that even if the date on a tape printout was inaccurate, the results obtained from the test of an individual would still be

accurate as the time and date component is separate from the sample collection portion of the unit. The trooper testified that if the power was turned off, and then turned on again, the time and date would be different from what they actually should be. If something such as a power surge were to affect the machine's ability to properly analyze a sample, then the display board of the instrument would show an error and the machine would not be able to function at all.

In response to a question by the attorney for the Department of Revenue asking Trooper McClain for the result of the breath analysis, the trooper testified that the result was .15 percent. Stuhr's attorney belatedly objected to the questions on the grounds that a proper foundation had not been laid. The court treated this objection as timely and sustained it. No further evidence was presented by the Department of Revenue. Counsel for Stuhr moved to reinstate Stuhr's driving privileges. The court sustained the motion, ruling against the Department of Revenue. It is from this ruling that the Director of Revenue appeals, alleging that the trial court erred in sustaining Stuhr's objection to the testimony of Trooper McClain as to the results of the breath analysis test because a prima facie foundation was made for their admission.

Upon review, the judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

There are two requirements which must be met in order for the suspension of driving privileges by the Department of Revenue to stand. The State had to establish: (1) that the arresting officer had probable cause in making the initial arrest, and (2) that the arrestee had a blood alcohol concentration of thirteen hundredths (.13) of one percent or more as revealed by the chemical analysis. *Stewart v. Director of Revenue*, 702 S.W.2d 472, 475 (Mo. banc 1986). Although respondent alleges that

probable cause is an issue in this case, the argument has little merit. The judgment entry reflects the grounds upon which the case was decided where it reads: "Petitioner's objection to the result of the breath test performed on Petitioner is sustained. At the close of Respondent's evidence, Petitioner's motion to reinstate his driving privilege is sustained." Furthermore, the record reflects that this issue is the one upon which the trial court decides the case:

THE COURT: The question is whether the portion of the checklist, which talks about determining that the time is correct, is an essential part to qualify for the law that I've just stated, what I think the law probably is. And your position, Andy, is that, since the trooper could not determine that the time was right because it wasn't, that that violates the procedure and the result's not admissible. And your position is, and I'll let you put the testimony on, that the time and date didn't affect the operation of the machine.

\* \* \* \* \* \*

THE COURT: In looking at 19 CSR 20–30.060, Sub. 13, it says, "In using the BAC Verifier, observe subject for at least 15 minutes, no smoking or oral intake of any material during this time. If vomiting occurs, start again with the 25–minute observation period." That's essentially No. 1, on the checklist. Then it says, "Use the following checklist: Ascertain the power switch is on," which is No. 2; "push run button" and that's a part of No. 3A, press run button; "when green ready light on run button comes on, again push run button," and that's No. 4. "when display blows—When display shows blow, take subject's breath sample," that's No. 5; "tear off tape, write in names of officers, subject, and officer's badge number," and that's No. 6; and then it says, "Attach to Blood Alcohol Test Report," which is No. 7. Now the difference between the CSR 20–30.060, which I've just read, and the form, Petitioner's Exhibit 1, which is also the same as Respondent's Exhibit 3, is that it has greater detail in 3A and 3B.

What's the position of both of you with regard to whether that's essential language or not?

MR. CARROLL: I'm sorry, Judge. I—

THE COURT: Well, what I'm trying to figure out is whether the issue is to whether it's necessary that you comply with the checklist or it's enough that you comply with that language I've just quoted out of the Code of State Regulations.

■ To establish a prima facie foundation for the admission into evidence of the results of a breathalyzer test, three things must be established. The test must be performed (1) by following the approved techniques and methods of the Division of Health, (2) by an operator holding a valid permit, (3) on equipment and devices approved by the division. *Jannett v. King,* 687 S.W.2d 252, 254 (Mo.App.1985). Trooper McClain, the individual who performed the breath test on Stuhr, holds a Type III permit which was admitted into evidence. This permit authorizes him to administer tests on a BAC Verifier, which is an approved breathalyzer. Thus, two of the three requirements for establishing a prima facie foundation for admission of the test results into evidence were met.

■ The question on appeal is whether the third requirement, that the test be performed following the approved techniques and methods of the Division of Health, was met. The checklist used by Trooper McClain covers this requirement. He checked off each of the required steps as he administered the test. His checklist, however, differed from the requirements of the Division of Health as an extra requirement, that of ensuring that the machine displayed the proper time, was present on the trooper's checklist. Thus, the checklist exceeded the minimum requirements established by the Division of Health. The steps that were performed met the requirements of the Division of Health and therefore a proper foundation was laid for admitting the results of the test.

Missouri law supports this conclusion. In *State v. Crowell,* 560 S.W.2d 889, 891 (Mo.App.1978), the trooper who adminis-

tered the breathalyzer test observed the driver for fifteen minutes before the test rather than the twenty minutes prescribed by the Highway Patrol checklist. He had otherwise complied with the checklist. The regulations of the Division of Health (13 CSR 50–140.040(3)(h)) required only fifteen minutes of observation. The court found the foundation sufficient and dismissed the driver's appeal.

The court in *Bradford v. Director of Revenue,* 735 S.W.2d 208 (Mo.App.1987), was faced with a situation strikingly similar to the instant case. The breathalyzer test in *Bradford* was performed in accordance with standard procedure as set forth in an operational checklist from the Division of Health. The printout from the machine showed May 1, 1986, as the date rather than May 2, 1986, the date on which the test was actually administered. The court found that, "[t]he fact that someone forgot to reset the date is irrelevant to the issue of whether the machine functioned properly." *Id.* at 210. Thus, the court concluded that the trial court erred in not admitting the results of the breathalyzer into evidence.

■ A claim that test results are invalid will only succeed if there is some evidence that a malfunction occurred in spite of the adherence of the person administering the test to correct test procedure. *State v. Bush,* 595 S.W.2d 386, 389 (Mo.App.1980). The wrong date on the printout is not evidence of a malfunction. *See Bradford v. Director of Revenue,* 735 S.W.2d at 210. The time and date component of the machine is a separate component from that of the sample collection portion of the unit. The machine will still function properly even if the time and date are incorrect. The Director of Revenue has clearly met his burden of proof. The trial court erred in not admitting the test results of the breathalyzer into evidence.

By sustaining Stuhr's motion to reinstate his driving privilege, the trial court pretermitted both Stuhr's need and opportunity to present his defense. On appeal, the trial court's error now requires reversal. *Aron v. Director of Revenue,* 737 S.W.2d 718

(Mo. banc 1987), stands for the proposition that under such circumstances, the defendant should be given an opportunity to present his defense. The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

BILLINGS, C.J., and BLACKMAR, WELLIVER, ROBERTSON, RENDLEN and HIGGINS, JJ., concur.

COVINGTON, J., not participating.