**Carol J. DEHATER,**
**Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

No. 60279.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 17, 1992.

William L. Webster, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Jefferson City, for respondent/appellant.

Susman, Schermer, Rimmel & Shifrin, Robert N. Hamilton, St. Louis, for petitioner/respondent.

KAROHL, Judge.

Director of Revenue appeals from a judgment of the Circuit Court of St. Louis County entered after a trial de novo reinstating driving privileges of petitioner Carol J. Dehater which were revoked for one year in an administrative determination pursuant to §§ 302.505 and 302.525 RSMo 1986. Dehater failed to submit a brief on appeal. We reverse and remand.

On December 6, 1990, Officer Michael Roth observed a "vehicle coming the wrong way on Lindbergh, going north in the southbound lanes" make an abrupt turn

and strike the divider wall. Officer Roth pulled the vehicle over and identified the driver as Dehater. He noticed alcohol on Dehater's breath and that her eyes were red, bloodshot and glassy. Dehater failed field sobriety tests. Officer Roth took Dehater to the police station and administered a breath test following the required checklist. Officer Roth testified to the best of his knowledge the Intoximeter 3000 functioned properly. The printout from the Intoximeter 3000 specified the date to be December 5, 1990, and Dehater's alcohol level at .153 of one percent. The test report certified by Officer Roth was hand dated "12–6–90" and reported a BAC of .153.

After Officer Roth testified, Dehater's counsel moved to dismiss the case on the grounds there was no evidence the machine was working properly because Officer Roth testified the Intoximeter 3000 printed out the wrong date. The court sustained the motion.

This case is strikingly similar to *Bradford v. Director of Revenue*, 735 S.W.2d 208 (Mo.App.1987). Therein we held: "Introduction of the checklist and testimony that the procedures there defined were followed is sufficient foundation to permit admission of the test results." *Id.* at 209–10. "The incorrect date on the print-out does not evince a malfunction of the machine." *Id.* at 210. Here, the checklist was introduced into evidence and Officer Roth, a certified operator, testified he followed the steps contained on the checklist when he administered the test to Dehater. This evidence was sufficient foundation to warrant the admission of the results of the breathalyzer test. *Id.*

Under the review standards set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we hold the court erred in dismissing the cause solely on the ground a misprint on the date required a finding there was no evidence the Intoximeter 3000 was working properly. The machine will still function properly for its intended purpose even if the time and date are incorrect because the time and date component is a separate component from the sample collection portion of the unit. *Stuhr v. Director of Revenue*, 766 S.W.2d 446, 449 (Mo. banc 1989). There must be evidence connecting the test and the result. The discrepancy is relevant as a question of fact but it is not a basis to disregard otherwise relevant evidence as a matter of law.

Judgment of the court is reversed and the cause is remanded for further proceedings.

SMITH, P.J., and AHRENS, J., concur.