**Robert D. DEVINE, Defendant/Appellant,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Plaintiff/Respondent.**

No. 71188.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 16, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 9, 1998.

Application to Transfer Denied March 24, 1998.

Sullivan and Associates, Robert W. Miller, Bridgeton, for Defendant/Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Plaintiff/Respondent.

PUDLOWSKI, Judge.

At 9:10 p.m. on 11 August 1995, Robert D. Devine (Devine) was stopped by Officer Paul Carroll (Officer) of the Charlack Police Department. Officer asked Devine to perform a series of field sobriety tests. After failing those tests, Officer arrested Devine at

---

9:20 p.m. Devine was handcuffed and placed in Officer's patrol car while Officer conversed with the tow truck operator. Officer drove Devine to the station and administered a breath test to him at 9:34 p.m.. The breathalyzer test registered Devine's blood alcohol content as 0.121 percent by weight.

Following Devine's arrest for driving a motor vehicle with a blood alcohol content in excess of 0.10 percent by weight, the Director of Revenue (Director) suspended his driving privileges. Devine petitioned the Circuit Court of Saint Louis County for a trial de novo. On 25 July 1996, the trial court judge affirmed the order of suspension. Devine appeals this judgment.

In reviewing the trial court's judgment, we will sustain its decision unless the decision was not supported by substantial evidence, it was against the weight of the evidence, or it erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In proceedings to suspend driving privileges, Director must lay a proper foundation to admit results of the blood alcohol test into evidence by showing that the test was performed: (1) by using techniques and methods approved by the Division of Health; (2) by an operator holding a valid permit; and (3) by equipment and devices approved by the Department. *Sellenriek v. Director of Revenue*, 826 S.W.2d 338, 340–41 (Mo. banc 1992). Devine contends that Director failed to meet these requirements in that the test did not follow approved techniques and methods of the Division of Health.

This Court recently interpreted the Division of Health's regulation regarding approved breath analyzers, chemical reagents and standards to determine the alcoholic content of expired air. In *Mullins v. Director of Revenue*, 946 S.W.2d 770, 773 (Mo.App. E.D. 1997), we held that in order to comply with the Division of Health's Regulation 19 CSR 25–30.050, the material used for verification and calibration of the breathalyzer must "be certified by its manufacturer and that evidence of that certification accompany the maintenance report." During Devine's trial, the maintenance report was admitted over Devine's objection. The maintenance report showed the breathalyzer recently was verified and calibrated; however, there was no accompanying certification of the material used.

In *Mullins*, the testimony of the officer assigned to the machine stating the material was certified was sufficient to meet the regulation requirements. *Id.* After careful examination of the evidence in the instant case, we found no reference of certification of the material used. By failing to certify the material for verification and calibration, Director failed to meet the imposed standard and the introduction of the breathalyzer results was in error. Therefore, we reverse the determination of the trial court and reinstate Devine's driving privileges.

Devine raised a second point on appeal which he later dismissed. Therefore, we need not address that point.

Finally, Devine petitioned this court for payment of his court costs and attorney's fees pursuant to Section 302.536 RSMo (1996).[1] Devine met the prerequisites of seeking review by a trial de novo in the circuit court pursuant to Section 302.535.1 RSMo (1994) wherein his license suspension was upheld. Devine then appealed to this court and we reverse the suspension of his license. Since Devine has met the statutory requirements, his petition for court costs and attorney's fee is granted in the sum of $2,598.51.

Judgment reversed and fees and court cost awarded.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.

---

1. Section 302.536 RSMo (1996) was recently enacted by the Missouri Legislature and reads as follows:

   If the judge upholds the department's ruling to suspend or revoke a person's license after a hearing conducted pursuant to subsection 1 of section 302.535, and the person appeals such ruling, the department shall pay any court costs and attorney fees the person incurs pursuant to such appeal if the court reverses the department's ruling to suspend or revoke such person's license.