Robert P. HINTON, Appellant,

v.

DIRECTOR OF REVENUE, Respondent.

No. WD 56365.

Missouri Court of Appeals, Western District.

April 27, 1999.

Thomas R. Bellmann, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

Before ELLIS, P.J., and
LOWENSTEIN and HOWARD, JJ.

HOWARD, Judge.

Robert P. Hinton appeals from a judgment of the trial court upholding the Director of Revenue's revocation of his driving privileges for refusing to submit to a breath test. Hinton contends that the evidence shows that he was not given the warnings mandated by § 577.041, RSMo 1994 until after he had refused the test.

Reversed and remanded.

At 11:43 a.m. on June 16, 1998, Officer Kenneth Houston of the Kansas City, Missouri police department was dispatched to the intersection of 95th Terrace and North Oak in response to a report of a car stopped at a green light. When Officer Houston arrived at the scene, he found Hinton passed out behind the steering wheel of the vehicle. Hinton was arrested and transported to the station, where he refused to take a breath test.

When Hinton refused the test, the officer operating the breathalyzer had the machine generate a printout which showed the case number, Hinton's name, and that Hinton refused the test at 12:05 p.m. In addition, Officer Houston filled out an Alcohol Influence Report form, which contained a section where he checked off boxes to show compliance with the requirements of implied consent. This section included a space for the officer to write in the time that the subject was given the implied consent information, including the warning of the consequences of his refusal as mandated by § 577.041. This space was filled in with the handwritten entry "12:07," which was two minutes later than the entry on the breathalyzer printout showing the time that Hinton refused to take the test.

Subsequently, the Director of Revenue revoked Hinton's license for one year as a consequence of his refusal to take the test. Hinton petitioned the trial court for a hearing on the revocation, and the hearing was conducted on August 21, 1998. At the hearing, no evidence was presented explaining the disparity between the times recorded on the alcohol influence report and the breathalyzer printout.

In his sole point on appeal, Hinton contends that, according to the times recorded in the alcohol influence report and the breathalyzer printout, he was not given the implied consent information, including the warning of the consequences of his refusal, until two minutes after he had refused to submit to the breathalyzer test. Consequently, Hinton argues, his refusal was not informed as a matter of law and was insufficient to sustain a revocation of his license.

■ A driver arrested on charges of driving while intoxicated is entitled to certain information according to § 577.041, the Implied Consent Law. *McMaster v. Lohman,* 941 S.W.2d 813, 816 (Mo.App. W.D.1997). Included in this information is that evidence of his refusal to take the breathalyzer test may be used against him and that his license shall be immediately revoked upon his refusal to take the test. Section 577.041.1. No refusal is valid if this statutorily necessary information is not conveyed. *McMaster,* 941 S.W.2d at 816.

■ In this case, there actually was an indication in the record that Hinton did not receive the statutorily necessary information until after he had refused to take the

breathalyzer test. There was no evidence at trial that this indication had a benign explanation such as a watch or clock running fast, a breathalyzer machine printing out an incorrect time, or a failure to synchronize the various timepieces. Under these specific circumstances, we have no choice but to reverse the trial court's decision upholding the Director of Revenue's revocation of Hinton's driving privileges for refusing to submit to a breath test.

The Director of Revenue's brief cites a number of cases which hold that an incorrect time on the breathalyzer printout is irrelevant to the issue of whether the breathalyzer's breath sample function, which is a separate component of the machine, is in proper working order. *Farin v. Director of Revenue*, 982 S.W.2d 712 (Mo.App. E.D.1998); *Hatfield v. Director of Revenue*, 907 S.W.2d 207 (Mo.App. S.D. 1995); *Dehater v. Director of Revenue*, 825 S.W.2d 407 (Mo.App. E.D.1992); *Bradford v. Director of Revenue*, 735 S.W.2d 208 (Mo.App. E.D.1987); *Stuhr v. Director of Revenue*, 766 S.W.2d 446 (Mo. banc 1989). But while the time on the breathalyzer printout is irrelevant to the machine's separate breath sample function, it is relevant to the issue in the case at bar, which is that the record appears to show that the information required by the Implied Consent Law was not given until after Hinton's refusal, resulting in an invalid refusal. Thus, these cases are inapposite.

The judgment of the trial court is reversed, and the cause is remanded with directions to enter a new judgment setting aside the Director of Revenue's revocation of Hinton's driver's license.

All concur.