Judge ROBERT G. ULRICH and Judge JAMES M. SMART, Jr. concur.

**Robert HINTON, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 57589.**

Missouri Court of Appeals,
Western District.

June 27, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Thomas R. Bellmann, Kansas City, for respondent.

Before: EDWIN H. SMITH, P.J., and HOWARD and HOLLIGER, JJ.

VICTOR C. HOWARD, Judge.

The Director of Revenue appeals from the trial court's award of attorney's fees and costs to Robert Hinton. The Director's sole point on appeal is that the trial court erred in awarding Hinton attorney's fees and costs because no statute authorizes such an award in a case involving revocation of a license due to the driver's refusal to take a chemical test.

We reverse.

### Facts

On June 16, 1998, Robert Hinton received notice from the Director that his driving privilege was revoked for one year beginning July 1, 1998, for refusing to submit to a chemical test. On July 1, 1998, Hinton filed a petition for hearing under § 577.041,[1] contesting the Director's revocation of his driving privilege. The trial court entered a judgment upholding the Director's revocation of Hinton's driv-

ing privilege, and Hinton appealed. While the appeal was pending, Hinton filed a petition for attorney's fees and costs on appeal under § 302.536, in the event that this court reversed the trial court's judgment.

In *Hinton v. Director of Revenue*, 990 S.W.2d 207, 208–09 (Mo.App. W.D.1999) (*Hinton I* ), this court held that evidence indicating that Hinton did not receive warnings required by the implied consent statute, § 577.041, until after he had refused to take a breath alcohol test required reversal of the revocation of his driving privileges for failure to take the test. We remanded to the trial court with directions to enter a new judgment setting aside the Director's revocation of Hinton's driver's license. *Hinton*, 990 S.W.2d at 209. We also entered a separate order remanding to the trial court to "determine [Hinton's] Petition for Attorney's Fees on Appeal pursuant to § 302.536." We cited *Devine v. Director of Revenue*, 961 S.W.2d 87 (Mo. App. E.D.1997).[2]

The trial court subsequently entered a judgment setting aside the Director's revocation of Hinton's driving privilege. The trial court also entered another judgment awarding Hinton $8,765.50 in attorney's fees and $226.16 in costs under § 302.536, the *Devine* case, and this court's mandate. The Director appeals from the trial court's judgment awarding Hinton attorney's fees and costs.

### Standard of Review

Our review of the trial court's award of attorney's fees and costs to Hin-

---

1. All statutory references are to RSMo Cum. Supp.1997.

2. In *Devine*, the appellant was arrested for driving a motor vehicle with a blood alcohol content in excess of 0.10 percent, and the Director suspended his driving privileges. *Devine*, 961 S.W.2d at 88. The appellant petitioned the trial court for a trial de novo, and the trial court judge affirmed the order of suspension. *Id.* On appeal, the appellant contended that the trial court erroneously admitted the breathalyzer results. *Id.* The court agreed and reversed the trial court's judg-

ment. *Id.* The appellant also petitioned the court for payment of his court costs and attorney's fees pursuant to § 302.536. *Id.* The court found that the appellant met the prerequisites of obtaining an award of costs and fees by seeking review by a trial de novo in the circuit court pursuant to § 302.535.1 wherein his license suspension was upheld. *Id.* The appellant then appealed, and the court reversed the suspension of his license. *Id.* Because the appellant met the statutory requirements, the court granted his petition for court costs and attorney's fees. *Id.*

ton is limited to determining whether the trial court's determination was arbitrary and capricious, unreasonable, unsupported by competent and substantial evidence, made contrary to law or in excess of the court's jurisdiction. *State ex rel. Div. of Transp. v. Sure–Way Transp., Inc.,* 948 S.W.2d 651, 655 (Mo.App. W.D.1997). "The trial court is afforded no deference in its determinations of law. This court will review those de novo." *Id.*

## Argument

■ The Director's sole point on appeal is that the trial court did not have jurisdiction to award Hinton attorney's fees and costs under § 302.536 because that statute applies only when an appellate court reverses a trial court's judgment entered under § 302.535.1, in which the trial court upholds the revocation or suspension of a license under § 302.505, for driving with an excessive blood alcohol content. The Director argues that the trial court's judgment in Hinton's case was not entered under § 302.535.1, but under § 577.041 and § 302.311, by which it sustained the Director's revocation of Hinton's license for refusing a chemical test.

■ Generally, with regard to awards of attorney's fees and costs, Missouri courts adhere to the "American rule," which provides that each litigant should bear his or her own expenses. *Laubinger v. Laubinger,* 5 S.W.3d 166, 181 (Mo.App. W.D.1999). However, a trial court may order one party to pay the other's attorney's fees and costs where a statute authorizes such an award. *Id.* "Costs cannot be assessed against state agencies or state officials absent express statutory authority." *Missouri Hosp. Ass'n v. Air Conservation Comm'n of State of Mo.,* 900 S.W.2d 263, 267 (Mo.App. W.D.1995); *accord Richardson v. State Highway & Transp. Comm'n,* 863 S.W.2d 876, 882 (Mo. banc 1993). Waivers of sovereign immunity, such as statutes allowing recovery of attorney's fees and costs against the State, are strictly construed. *Richardson,* 863 S.W.2d at 882.

Because Hinton is seeking attorney's fees and costs from a state official, we must determine whether there is statutory authority for such an award. Section 302.536 provides as follows:

> If the judge upholds the department's ruling to suspend or revoke a person's license after a hearing conducted pursuant to subsection 1 of section 302.535, and the person appeals such ruling, the department shall pay any court costs and attorney fees the person incurs pursuant to such appeal if the court reverses the department's ruling to suspend or revoke such person's license.

Section 302.535.1 provides as follows:

> Any person aggrieved by a decision of the department may file a petition for trial de novo by the circuit court. The burden of proof shall be on the state to adduce the evidence. Such trial shall be conducted pursuant to the Missouri rules of civil procedure and not as an appeal of an administrative decision pursuant to chapter 536, RSMo. The petition shall be filed in the circuit court of the county where the arrest occurred. The case shall be decided by the judge sitting without a jury. The presiding judge of the circuit court may assign a traffic judge, pursuant to section 479.500, RSMo 1994, a circuit judge or an associate circuit judge to hear such petition.

Section 302.535 is contained in a grouping of statutes relating to the suspension of driving privileges because the driver had an excessive blood alcohol content. Section 302.505 requires that the department suspend or revoke the license of anyone arrested with probable cause to believe such person was driving with an alcohol concentration of ten-hundredths of one percent or more by weight. Section 302.530 provides for administrative review of such a suspension or revocation, with the sole issue at the hearing being "whether by the preponderance of the evidence

the person was driving a vehicle pursuant to the circumstances set out in § 302.505." § 302.530.4. The section also provides that the administrative decision is final unless an appeal is filed for judicial review pursuant to § 302.535. § 302.530.7. Section 302.536 provides for the potential recovery of attorney's fees and costs only for hearings conducted pursuant to § 302.535.1.

Section 302.535.1 permits the recovery of fees and costs only in cases falling under § 302.505, which concerns the suspension or revocation of a license because the driver had an excessive blood alcohol content. Section 577.041, which deals with license revocations for refusing to take a chemical test, governs the situation in this case. Section 577.041 is a separate statutory procedure with much different elements of proof. It contains no provision for attorney's fees or costs. The record reflects that Hinton properly filed his petition for relief and received a hearing pursuant to § 577.041, not § 302.535.1. Because the legislature has made no provision for the recovery of attorney's fees and costs when an action is brought under § 577.041, the trial court did not have the authority to make such an award in this case.

■■■ Hinton argues that the "law of the case" doctrine applies to the issue of his entitlement to attorney's fees and costs, and therefore the Director is precluded from arguing that the trial court erred in awarding Hinton attorney's fees and costs. The law of the case doctrine "provides, in general, that a previous holding in a case constitutes the law of the case and precludes relitigation of that issue on remand and subsequent appeal." *Rodriguez v. Suzuki Motor Corp.*, 996 S.W.2d 47, 61 (Mo. banc 1999). "[T]he doctrine is limited to cases in which the issue in controversy has been raised and decided in a prior appeal." *Id.* In this case, the issue of Hinton's entitlement to attorney's fees and costs was not decided on appeal. Rather, this court remanded the case to the trial court to "determine [Hinton's] Petition for Attorney's Fees on Appeal pursuant to § 302.536." The remand was for the purpose of determining whether Hinton was entitled to attorney's fees and costs, and if so, the amount to which he was entitled. Contrary to Hinton's assertion, this court's order was not an acknowledgement that Hinton was entitled to attorney's fees and costs, with the trial court's only task being to determine the amount of the fees and costs.

■■■ Hinton further argues that the Director waived any right to complain about either the entitlement to or amount of fees awarded because he did not seek rehearing before this court or motion to amend mandate, nor did he apply for transfer to the supreme court, so that successive appeals of the issue are barred. As previously discussed, this court in *Hinton I* did not find that Hinton was entitled to attorney's fees and costs. Therefore, the Director was not required to request a rehearing or pursue any of the other avenues Hinton suggests in order to preserve his point in this appeal.

The judgment of the trial court awarding Hinton attorney's fees and costs is reversed.[3]

EDWIN H. SMITH, P.J., and HOLLIGER, J., concur.

■■■

---

3. Hinton filed a motion for attorney's fees on appeal. The motion is denied.