Timothy L. BOLIN, Petitioner–Appellant,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Respondent.

No. 27551.

Missouri Court of Appeals, Southern District, Division One.

Feb. 5, 2007.

Thomas David Swindle, Doniphan, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jonathan H. Hale, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Timothy L. Bolin ("Appellant") appeals the judgment upholding the suspension of his driver's license. Appellant raises one point on appeal challenging the admission of the breath test for lack of a proper foundation. We affirm.

We affirm the judgment of the court unless there is no substantial evidence to support it, unless it is contrary to the weight of the evidence or unless the trial court erroneously declares or applies the law. *Verdoorn v. Director of Revenue,* 119 S.W.3d 543, 545 (Mo. banc 2003). We review the trial court's decision to admit or exclude evidence, however, for an abuse of discretion. *Vernon v. Director of Revenue,* 142 S.W.3d 905, 909 (Mo.App. S.D. 2004). An abuse of discretion should only be found when the trial court's ruling is clearly against the logic of the circumstances, is so arbitrary and unreasonable as to shock the sense of justice and shows a lack of careful consideration. *Id.*

At trial, the Director had the burden of establishing a prima facie case for suspension of the driver's license by presenting evidence that at the time of the arrest, there was probable cause for arresting the driver for driving under the influence and that the alcohol concentration in the driver's blood was .08 percent or more. *Id.* Appellant does not challenge the probable cause for his arrest but does challenge that the Director made a prima facie case that his alcohol concentration was .08 percent or more. Appellant bases this claim on the admission of the breath test results because the Director "failed to lay a proper foundation for its admission."

The basis for the finding of the blood alcohol level by the court was through the testimony of Trooper Shannon Crouch, which was admitted without any objection. Trooper Couch testified that he held a valid Type III permit, which authorized him to operate a DataMaster instrument. *See* 19 CSR 25–30.041 (1999). He testified that he had been trained to follow the steps in using the DataMaster and he checked off each step on the required form as he performed it. After following all of the set-up procedures, he instructed Ap-

pellant to take a deep breath and blow into the instrument until instructed to stop. Appellant failed to blow into the device long enough to produce a valid sample.

On the second attempt, despite being coached to continue blowing until being instructed to stop, the machine indicated Appellant was not able to submit a complete sample and only a partial sample was taken. Trooper Crouch then used the manual sample override feature, a no-volume button ("NV button"), to obtain a blood alcohol reading of a partial sample. Officer Crouch testified that the button is available for use, that he has never been instructed not to utilize the button, and he was not aware of anything in the Missouri Department of Health Regulations that would prohibit the use of the button. The partial sample indicated a blood alcohol content ("BAC") of .130. Deputy Bryan Wickam, the holder of a valid Type II permit authorizing him to service the DataMaster machine, testified that the use of the NV button produces artificially lower results than a reading not using the override button.

At the end of the trial, the following exchange took place:

The court: You're offering Exhibit A?

[Director's Counsel]: Yes, Judge. I'm offering what's marked as Respondent's Exhibit A. It's 15 pages of records of the Missouri Department of Revenue.

I would note to the Court that on the printout page that the trooper alluded to, we have indicated the time of—the blank test, internal standard and subject sample incomplete reading, we had indicated the times there and initialed it, because they're not legible here. It's 2:25, 2:25, 2:28. And I would offer Exhibit A. Is that your understanding?

[Appellant's attorney]: Judge, we would, for the record, pose an objection to admission of Exhibit A as to the printouts of the breathalyzer reading, the fact that the foundation has not been properly laid to allow the admission of that and for failure to comply with the Department of Health Regulations.

The court: In what respect?

[Appellant's attorney]: It respect to [sic] it's our contention, for the record, that the sample control override button renders this test result invalid. That's our contention.

The court: All right. It's admitted.

Appellant brings one point of error, claiming that the trial court erred by admitting the breath test because the Director failed to establish the breath test was administered properly and in accordance with the approved techniques and methods of the Missouri Department of Health due to the trooper's use of the NV button. Appellant claims the introduction of the driver's breath test result is "essential to establish a prima facie" case under § 302.505.[1] He further argues, citing *Stuhr v. Director of Revenue*, 766 S.W.2d 446, 449 (Mo. banc 1989), that the Director has the burden of showing that the test was performed (1) by following the techniques and methods approved by the Missouri Department of Health; (2) by licensed medical personnel or by a person in possession of a valid permit; and (3) using equipment and devices approved by the Missouri Department of Health. We have no quarrel with either of these propositions of law; however, it is incumbent upon Appellant to preserve his claims of error at trial. *See Glasscock v. Miller*, 720 S.W.2d 771, 777 (Mo.App. S.D.1986) (stating that, in general, the failure to raise a timely objection at trial waives any right to complain on appeal).

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

■ Appellant cites to a motion in limine and trial counsel's statements above to support a claim that a proper objection was made to the foundation of the breath test. As to the motion in limine filed prior to trial, Appellant merely claimed that the Director "failed to establish foundational requirements for admissibility of the breath test and ... failed to establish that the breath test was administered properly and in accordance with the approved techniques and methods of the Missouri Division of Health." That motion preserves no claim of error as a motion in limine is only interlocutory and preserves nothing for appeal. *State v. Purlee*, 839 S.W.2d 584, 592 (Mo. banc 1992). This is especially true in a case challenging the foundation of evidence that has not even been introduced.

■ We next address whether the objection made at the end of the trial preserves his claim of error to the admission of the breath test results. We find that it does not. That is because Appellant objected to the admission of Exhibit A, but did not object to the testimony of Trooper Crouch or the testimony of Deputy Wickam about the test results and the conformity to proper procedures for the test. Both testified that the tests were administered properly and in accordance with the approved techniques of the Missouri Department of Health Regulations. Trooper Crouch testified that the test results indicated a BAC of .130. By the time Appellant objected to the admission of Exhibit A at the end of the trial, the evidence from that exhibit had already been admitted through the unchallenged testimony of the officers. *See Cooley v. Director of Revenue*, 896 S.W.2d 468, 470 (Mo. banc 1995) (noting that if a fact to be proved is evidenced by a writing but also exists independently of that writing, then both the oral and the written sources become primary evidence of that fact). Therefore, the Director made its prima facie case with the testimony of Trooper Crouch and Dep-

uty Wickam. The Director was not required to prove the foundational prerequisites for admission of the test result where it is offered into evidence without timely objection. *Martise v. Director of Revenue*, 160 S.W.3d 407, 410 (Mo.App. E.D.2005).

In a strikingly similar case, this issue was addressed in *Bradford v. Director of Revenue*, 72 S.W.3d 611 (Mo.App. E.D. 2002). In Bradford, an officer testified without objection that he properly administered a breath test to the driver, who failed to provide an adequate sample. *Id.* at 612. After the use of the NV button, the test results showed Bradford had a blood alcohol concentration of .123. *Id.* In reversing the trial court's reinstatement of driving privileges, the appellate court noted:

> Director presented evidence that [Officer] was a Type III permittee authorized to administer breath tests. [Officer] testified that he followed proper procedure when administering the test to Driver, and in support provided Commissioner with the blood alcohol test report used when he administered the breath test to Driver, which contained a checklist of the required steps for administering the test properly. Driver did not object to the introduction of this evidence, nor did she provide any contrary evidence regarding [Officer's] qualifications or adherence to procedure when administering the breath test to Driver. From this uncontroverted evidence, the trier of fact could reasonably conclude the breath test was administered in compliance with the rules and regulations of the Missouri Department of Health; any contrary conclusion is unsupported by the record.

*Id.* at 613.

Additionally in *Bradford*, as in the case before us, a Type II permit holder testified that the DataMaster was in working order and that the difference in the results when

using the NV button compared to a regular full sample is that the NV button will provide a lower reading than when you take a full and complete sample. *Id.* After finding that the BAC results were properly in evidence, the *Bradford* court stated the trial court's judgment was against the weight of the evidence. *Id.* at 614. Likewise, in *Spinner v. Director of Revenue,* 165 S.W.3d 228 (Mo.App. S.D.2005), this Court used *Bradford* as persuasive authority and affirmed a judgment where the Type II permit holder testified without objection to lay a foundation concerning the test. *Id.* at 232.

Appellant directs us to *Bozarth v. Director of Revenue,* 168 S.W.3d 78 (Mo.App. E.D.2005), for opposing authority concerning the use of the NV button. In *Bozarth,* the issue before the court was whether the trial court abused its discretion in refusing to admit the results of the breath test. *Id.* at 81, 84. Unlike the case before us, the appellant in *Bozarth* preserved his objections to the results of the motion in limine by making a timely objection during the testimony of the officer and by requesting that the motion in limine be taken with the case. *Id.* at 82. Because Bozarth made a timely and proper objection to the admission of the BAC test, the Director had to meet the foundational prerequisites in order to have the breath test admitted into evidence. *Id.* The appellate court was not persuaded that the trial court abused its discretion in its decision not to admit the BAC tests. *Id.* at 84.

The point is denied; the judgment suspending Appellant's driving privileges is affirmed.

PARRISH and SCOTT, JJ., concur.